[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties' marriage, which commenced on September 12, 1970, was dissolved by this court on December 11, 1986. The financial orders emanating from the judgment of dissolution, as amended, provide in relevant part for the periodic payment of child support and alimony as follows:
 The plaintiff shall pay $125.00 per week child support until the child turns 18 or becomes emancipated. He shall pay $125.00 per week alimony until the death or remarriage of the defendant or until the child turns 18. This alimony order shall be non-modifiable as to term. . . . Each party shall pay 1/2 of the uninsured and unreimbursed medical expenses for the child.
Claiming a substantial change in circumstances, defendant Noreen Mariano seeks a modification of the foregoing provisions of the amended judgment in the following particulars: 1) by increasing the support payments for their child, Michael, from $125.00 per week to $275.00 per week; 2) by eliminating the CT Page 7337 termination of alimony upon Michael's eighteenth birthday; and 3) by obligating the plaintiff John Mariano to pay all uninsured and unreimbursed outstanding and future medical expenses for Michael, subject to reimbursement for medical expenses covered and paid from proceeds, if any, from Michael's pending lawsuit relative to a jaw injury sustained by him. Furthermore, defendant Noreen Mariano requests this court to enforce an alleged verbal agreement of the parties made prior to their dissolution calling for plaintiff John Mariano to pay for their child's educational expenses at a parochial high school, Notre Dame. In addition, the defendant desires the court to find the plaintiff in contempt for alleged non-payment of child support amounts, and to aware counsel fees.
Defendant Noreen Mariano cites her ill health, her part-time employment, and the increased financial needs of their now almost seventeen year-old child in juxtaposition to plaintiff's increase in employment income, his new Master's Degree, as well as the financial contributions of plaintiff's new wife to his expenses as major factors which have created a substantial change in the parties' circumstances.
Plaintiff John Mariano discounts defendant's health as pediment to her maximizing her potential as a college graduate, asserts that his agreement to awarding the defendant 70 per cent of the equity in their marital home, militates against an increase in alimony and child support, and denies making any promise or agreement for the payment of private secondary schooling for their child. The plaintiff claims that any such alleged agreement or promise by him to pay for Michael's secondary education is unenforceable as a contract claim because it lacks consideration, is a gratuitous executory promise, is time-barred and is in violation of the Statute of Frauds. The plaintiff cites Section 18 of the Restatement (Second) Judgments for the proposition that any such contract claim was subsumed within and extinguished by their judgment of dissolution which makes no reference to any obligation by the plaintiff to pay for their child's private or parochial schooling.
Finding of Substantial Change in Circumstances
From the evidence adduced, the court finds that there has been a substantial change in the parties' circumstances.
Discussion and Orders
Connecticut General Statutes 46b-86 (a) provides in pertinent part that:
[u]nless and to the extent that the CT Page 7338 decree precludes modification, any final order for the periodic payment of permanent alimony. . . may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party. . . .
The only prohibition against modification expressed in the judgment is the language limiting non-modification of alimony as to term only.
1. Private Payment of Child's Educational Expenses
The court does not find that plaintiff John Mariano obligated himself to pay for the secondary educational expenses of the parties' minor child. There is no clear verbal contract in this regard (cf. D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 212-217 (1987)), and no writer agreement was produced. Furthermore, this court finds the defendant's argument of "special needs" factually insufficient. Hardisty v. Hardisty, 183 Conn. 253, 264 (1981).
2. Modification of Child Support
a. The Level of Support
The court is required to consider the child support guidelines in making decisions for the level of child support. Connecticut General Statutes 46b-86 (a) also provides that "[i]n determining whether to modify a child support order based upon a substantial deviation from such child support guidelines the court shall consider the division of real and personal property between the parties set forth in the final decree and the benefits accruing to the child as a result of such division."
The financial facts of this case show a clear substantial deviation from the child support guidelines. The court finds that the guidelines, applied within the context of Connecticut General Statutes 46b-215b, including 46b-86a, call for the plaintiff John Mariano to pay $213.00 per week in child support.[1]
b. Coverage of Uninsured and Unreimbursed Medical Expenses
The court orders that plaintiff John Mariano pay two-thirds of all uninsured and unreimbursed medical insurance for minor Michael. Regarding medical expenses caused by Michael's jaw injury — subject of litigation — plaintiff's two-thirds obligation in that regard shall be suspended pending payments, if any, therefor which may result from such litigation. CT Page 7339
3. Modification of Alimony
Based upon the substantial change in circumstances and the needs of the parties, the court increases plaintiff John Mariano's alimony obligation to $150.00 per week. The court finds that defendant's request to modify the terms of alimony by extending it beyond Michael's eighteenth birthday is premature, inasmuch as Michael presently is only sixteen, and the court does not have before it the parties' circumstances nearest Michael's eighteenth birthday.
4. Wage Execution
The payment of child support and alimony shall be subject to an immediate wage execution.
5. The Claim of Contempt
The court does not find that the plaintiff has been guilty of any conduct consistent with a finding of wilfull contempt.
6. Retroactivity of Orders
The orders of this court modifying support, the obligation for paying uninsured and unreimbursed medical expenses, and alimony are retroactive to February 7, 1992. The arrearage resulting from the modification shall be paid at the rate of $10.00 per week.
7. Counsel Fees
The court awards to defendant Noreen Mariano counsel fees of $1,000.00, one-half of which shall be paid on or before November 15, 1992, and the balance of which shall be paid on or before April 1, 1993.
CLARANCE J. JONES, Judge